# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor D., | Case No. 18-cv-3354 (NEB/TNL) |
| Petitioner, | |
| v. | |
| Secretary of the Department of Homeland Security, | **REPORT AND RECOMMENDATION** |
| William P. Barr, Attorney General of the United States,[1] | |
| Scott Baniecke, ICE Field Office Director, and | |
| Kurt Freitag, Freeborn County Sheriff, | |
| Respondents. | |

Victor D., 2201 23rd Street Northeast, Suite 101, Willmar, MN 56201 (*pro se* Petitioner);

Ana H. Voss, Ann M. Bildtsen, and Gregory G. Booker, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Secretary of the Department of Homeland Security, William P. Barr, and Scott Baniecke); and

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Kurt Freitag);

---

[1] William P. Barr is currently serving as Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. Fed. R. Civ. P. 25(d).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Victor D.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a Report and Recommendation to the Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Liberia. (ECF No. 8, p. 2). Petitioner entered the United States as a lawful permanent resident and recipient of a DV3 visa in 2004. (*Id.*). In 2017, following his arrest and conviction for multiple theft-related offenses, Immigrations and Custom Enforcement ("ICE") detained and commenced removal proceedings against him. (*Id.* at 3-4). An immigration judge found Petitioner ineligible for bond. (*Id.*).

On January 10, 2018, an immigration judge ordered Petitioner removed to Liberia, but granted him a deferral of removal under the Convention Against Torture. (ECF No. 8-13). The Department of Homeland Security appealed to the Board of Immigration Appeals, which remanded back to the immigration judge for further proceedings. (ECF No. 8-14). On August 14, 2018, following remand, the immigration judge ordered Petitioner removed, concluding that Petitioner had not demonstrated that he was eligible for relief under the Convention Against Torture and that Petitioner was removable under Sections 237(a)(2)(A)(ii) and 237(a)(2)(A)(III) of the Immigration and Nationality Act. (ECF No. 8-15). Petitioner waived his right to appeal on August 27, 2018. (ECF No. 8, p. 5).

The next day, ICE requested travel documents from the Liberian Embassy on behalf of Petitioner. (ECF No. 8, p. 5). Approximately two months later, ICE completed a custody review of Petitioner and "determined that a substantial likelihood of [Petitioner's] removal in the reasonably foreseeable future existed." (ECF No. 8, p. 6). A few weeks later, Petitioner filed this petition for a writ of habeas corpus. He argued that his "prolonged and continued detention is unreasonable, and violates [his] substantive rights to due process under the Due Process Clause of the Fifth Amendment." (Pet. at 7). Petitioner sought immediate release from custody because "[t]he Government has been unable to effectuate [his] removal and there is no likelihood of [his] removal in the reasonably foreseeable future." (Pet. at 7).

The Liberian Embassy interviewed Petitioner on January 16, 2019; Respondents believe the travel document request is likely to be complete "in the reasonably foreseeable future" and that a "substantial likelihood of [Petitioner's] removal to Liberia in the reasonably foreseeable future exists." (ECF No. 8, p. 6). In making this assertion, Respondents note that removals to Liberia are on-going and orderly. (ECF No. 8, p. 6).

## II.   ANALYSIS

A person detained by the government may file a writ of habeas corpus to challenge the legality of his or her confinement and, if successful, obtain his or her release. *See Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973). Federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions. 28 U.S.C. § 2241; *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The Court's jurisdiction to hear such challenges, however, is somewhat limited. Federal courts may

consider whether the Government's "authority under the post-removal-period detention statute;" they may not review discretionary decisions made by the immigration authorities. *Id.* at 688; *see also* 8 U.S.C. § 1226(e).

When a final order of removal has been issued against an alien who has been found to be unlawfully present in the United States, the Government is required to remove the alien from the United States within 90-days. 8 U.S.C. § 1231(a)(1)(A). The 90-day "removal period" begins on the later of: (1) the day the order of removal becomes administratively final; (2) the date of any final court order reviewing the removal order, provided that the court ordered a stay of removal; or (3) if the alien is detained or confined (except as provided for by an immigration process) the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). Typically, the Government holds the alien in custody during the removal period. *Zadvydas*, 533 U.S. at 682. An alien not removed during the removal period shall be subject to supervision under regulations prescribed by the Government. 8 U.S.C. § 1231(a)(3). If the alien is removable for, among other reasons, committing an aggravated felony or a crime involving moral turpitude, then the Government may detain the alien beyond the initial removal period or impose conditions of supervision under Section 1231(a)(3). *Id.* at § 1231(a)(6) (citing 8 U.S.C. § 1227). Petitioner is one such person.

Section 1231(a)(6) does not, however, authorize indefinite detention. *See Zadvyas*, 533 U.S. at 690 (noting that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem"). Indefinite detention violates the Due Process Clause of the Fifth Amendment unless: (1) "ordered in a criminal proceeding with adequate

procedural protections" or (2) "in certain special and narrow nonpunitive circumstances . . . where a special justification, such as harm-threatening mental illness, outweighs the "individual's constitutionally protected interest in avoiding physical restraint." *Id.* (citations and internal quotation marks omitted). Thus, habeas relief is appropriate when "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* at 699.

Detentions ordered under Section 1231(a)(6) are presumed constitutional for six months. *Id.* at 701. Following this six-month period an alien may seek conditional release by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* If the alien does so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* In addition, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future'" must decline. *Id.*

A petitioner who seeks habeas relief from postremoval confinement may not file his or her petition immediately. Instead, the petitioner must wait until after the presumptively-constitutional six-month period described in *Zadvyas* has expired. *Mario A. B. v. Sec'y of Homeland Sec.*, No. 18-cv-2705, 2019 WL 542944 *2 (D. Minn. Jan. 4, 2019); *Lee v. Immigration Enforcement Customs*, No. 16-cv-4270, 2017 WL 4174426 *4 (D. Minn. July 21, 2107); *Ahmed v. Brott*, No. 14-cv-5000, 2015 WL 1542131 *3 (D. Minn. Mar. 17, 2015); *Mehighlovesky v. U.S. Dept. of Homeland Sec.*, No. 12-cv-902, 2012 WL 6878901 *2 (D. Minn. Dec. 7, 2012); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.

2002) (per curiam). A petition for habeas relief filed before the end of six-month period is premature and must be dismissed. *Mehighlovesky*, 2012 WL 6878901, at *2.

In this case, Petitioner's order of removal became administratively final on August 27, 2018, when he waived appeal of that order. (ECF No. 5). Thus, Petitioner's detention was presumptively constitutional until February 27, 2019. He filed his petition, however, on December 10, 2018, well before the six-month time period expired. The Court therefore recommends that the petition be denied without prejudice as premature.

The Court would reach the same conclusion even if it considered the petition on the merits. The record does not establish that Petitioner faces "no significant likelihood of removal in the reasonably foreseeable future." *Zadvyas*, 533 U.S. at 701. Generally, no significant likelihood of removal exists in five cases:

> (1) where the detainee is stateless and no country will accept him; (2) where the detainee's country of origin refuses to issue a travel document; (3) where there is no repatriation agreement between the detainee's native country and the United States; (4) where political conditions in the country of origin render removal virtually impossible; and (5) where a foreign country's delay in issuing travel documents is so extraordinarily long that the delay itself warrants an inference that the documents will likely never issue.

*Ahmed*, 2015 WL 1542131, at *4. Petitioner does not establish that he falls into any of the above categories, nor does he demonstrate any other circumstances that show the Government is unwilling or unable to effectuate his removal. The record shows that the Government has regularly removed detainees to Liberia and that it is in the process of obtaining travel documents for Petitioner. Alone, these circumstances are sufficient to show a significant likelihood of removal at this time. *See Jaiteh v. Gonzales*, No. 07-cv-

6

1727, 2008 WL 2097592 *2-*3 (D. Minn. Apr. 28, 2008) (concluding as such where "ICE has made diligent and reasonable efforts to obtain travel documents," the alien's native country "ordinarily accepts repatriation, and that country is acting on an application for travel documents"). In addition, neither Petitioner nor Respondents have identified any reason why Petitioner's removal is likely to be delayed in the future. Though Petitioner contends that Respondents cannot "send [him] to Liberia and [cannot] find a 3rd party count[r]y to send [him] to," he identifies no reason why this is the case, other than the passage of time. "[M]ere delay" is insufficient to warrant an inference "that a deportable alien will never be accepted by his native country." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1367 (N.D. Ga. 2002). Accordingly, Petitioner is not entitled to relief even on the merits of his petition. But because circumstances may change, particularly if Petitioner continues to be detained, with no further progress toward removal, the Court would still recommend that any denial on the merits be without prejudice.[2]

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED** and that the petition be **DISMISSED WITHOUT PREJUDICE.**

[signature on next page]

---

[2] Petitioner also argues in his response that his detention violates 8 U.S.C. § 1226. That provision governs detention before and during immigration proceedings. *Bah v. Cangemi*, 489 F. Supp. 2d 905, 915 (D. Minn. 2007). In contrast, Section 1231, "governs detention of aliens who have been 'ordered removed.'" *Id*. (quoting 8 U.S.C. § 1231(a)). Because Petitioner was ordered removed before he filed this petition, he cannot seek relief under Section 1226.

Date: April 11, 2019            *s/ Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota

                                                 *Victor D. v. Secretary of the Department of Homeland Security, et al.*

                                                 Case No. 18-cv-3354 (NEB/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).